UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DILLON WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-CV-477-TCK-CDL |
| | ) |
| JANSEN PHARMACEUTICALS, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

On November 2, 2023, plaintiff filed a complaint against defendant, alleging that defendant failed to warn him of certain physical deformities caused by taking Risperdal, which is a medication manufactured by defendant. (Doc. 1). Plaintiff, a citizen of Oklahoma, asserts diversity jurisdiction as the sole basis for subject matter jurisdiction and further alleges that defendant is incorporated under the laws of Oklahoma, with its principal place of business in New Jersey. (*Id.* at 4). Plaintiff also seeks leave to proceed *in forma pauperis*. (Doc. 2).

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Subject matter jurisdiction cannot by conferred by the parties, nor can a defect in subject matter jurisdiction be waived. *Id*. Lack of subject matter jurisdiction may be raised as a basis of dismissal at any time, either by a party or by the Court, *sua sponte. Id.*; Fed. R. Civ. P. 12(h)(3). While plaintiff is acting pro se and held to "a less stringent standard than formal pleadings drafted by lawyers," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), plaintiff must still allege jurisdictional facts sufficient to show that this Court has jurisdiction. *See Harris v. Tulsa 66ers*, 551 Fed. App'x. 451, 451-52 (10th Cir. 2014 (unpublished) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

Federal courts have diversity jurisdiction in cases between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S. §1332(a)(1). However, diversity jurisdiction exists only where there is complete diversity, that is, "when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Depex Reina 9 P'ship v. Tex. Int'l Petroleum Corp.*, 897 f.2d 461, 463 (10th Cir 1990). "For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of any state in which it is incorporated and of the state where it has its principal place of business." *D.C. ex rel. Am. Combustion, Inc. v. Transamerica Ins. Co.*, 797 F.2d 1041, 1043 (D.C. Cir. 1986); *Coal City Cob Co. v. Palm Enterprises, Inc.*, No. 3:18-cv-0123, 2018 WL 3475594, at *2-3 (N.D. Tex. July 18, 2018) ("a corporation is indeed a citizen of every state in which it is incorporated for purposes of diversity jurisdiction"). "Thus, for diversity to exist between a . . . plaintiff and a corporate defendant there can be no overlap between them with respect to these places." *Transamerica*, 797 F.2d at 1043.

Construing the allegations of plaintiff's pro se complaint liberally, the Court finds that diversity jurisdiction does not exist because plaintiff has alleged that he is a citizen of Oklahoma and that defendant is incorporated under the laws of Oklahoma. Because a corporation is a citizen of both the state of its incorporation and the state of its principal place of business, plaintiff has alleged that defendant is a citizen of Oklahoma. Thus, there is not complete diversity among the parties, as is required for subject matter jurisdiction under 28 U.S.C § 1332 (a)(1). Furthermore, plaintiff has not pleaded any cause of action based on a federal statute, treatise, or provision of the United States Constitution that would give rise to federal question subject matter jurisdiction under 28 U.S.C. § 1331.

Based on the foregoing, the court finds no basis to exercise subject matter jurisdiction and this case must be dismissed. Accordingly, plaintiff's complaint (Doc. 1) is **DISMISSED** without prejudice and plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **DENIED** as **MOOT**.

**SO ORDERED** this 20th day of November, 2023.

TERENCE C. KERN
United States District Judge